The applicant, if she desired to initiate these proceedings, should have asked for her own appointment, and cited the public administrator, and such other party or parties as were entitled, in priority, to letters of administration with the will annexed. The petition must be dismissed.

Ordered accordingly.

---

NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—April, 1883.

TILNEY V. CLENDENNING.

*In the matter of the estate of* MARY ANN JACKSON, *deceased.*

Under R. S., part 2, ch. 6, tit. 3, § 36, providing for the reference of disputed claims against a decedent's estate "to three disinterested persons, or to a disinterested person, *to be approved by the Surrogate*",—unless the parties have agreed upon some person or persons to act as referee at the time when application is made to the Surrogate for his approval, or, not having agreed, they consent to accept such person or persons as the Surrogate may select,—he has no authority to make the selection.

Respondent made this offer to decedent's executors: "I hereby offer to refer my claim against the estate of . . . . . . , deceased, as provided by law. Will you consent to such reference?" The executors' counsel replied: "I am instructed by the executors of . . . . . . , deceased, to inform you that they hereby consent to refer the claim," etc., etc. (specifying it). An order of reference was, thereupon, pre-

sented to the Surrogate, who signed the same, inserting therein the name of a referee. This order having been filed with the county clerk, and a copy served upon the executors' counsel, they moved before the Surrogate to set it aside, on the ground that the application therefor was *ex parte*, and preceded by no effort of counsel to agree in the selection of a referee.—

*Held*, that the order must be set aside, as improvidently entered, because (1) the statute confers upon the Surrogate no power to make any *order* in the premises, and, (2) the parties having neither agreed to abide by the nomination of the Surrogate, nor united in presenting to him any name or names for his approval, his designation was invalid.

*It seems*, that, under the provision of the R. S., cited, the Surrogate is not empowered to decide whether one person or three persons should be chosen to pass upon the disputed claim.

APPLICATION, by Thomas J. Tilney, and another, executors of the will of decedent, for an order vacating an order referring a disputed claim of Terese Clendenning against decedent's estate. The facts appear sufficiently in the opinion.

R. F. TILNEY, *for executors.*

G. M. CURTIS, *for claimant.*

THE SURROGATE.—Counsel for one who claims to be a creditor of this decedent made to the executors of her estate this offer in writing: "I hereby offer to refer my claim against the estate of Mary Ann Jackson, deceased, as provided by law. Will you consent to such reference?"

To this, the counsel for the executors sent the following reply: "I am instructed, by the executors of Mary A. Jackson, deceased, to inform you that they hereby consent to refer the claim," etc., etc. (specifying it).

Thereupon, upon presentation, by the counsel for the executor, of a proposed order of reference, the Surro-

gate signed the same, inserting therein the name of a referee. This order was subsequently filed in the office of the county clerk, and a copy of it was served upon the counsel for the executors, who thereupon commenced proceedings for setting it aside, upon the ground that it had been improvidently entered.

It is claimed that the offer and acceptance. above set forth did not authorize the Surrogate to make any order of reference, whatever, and that, even if the making of such an order were within the scope of his authority, the one which has been entered ought to be set aside, because the application for its entry was *ex parte* and was preceded by no effort, on the part of counsel, to agree with his adversary in the selection of a referee.

Whatever authority the Surrogate has, in cases of this nature, is solely derived from Rev. Stat., part 2, ch. 6, tit. 3, § 36, as amended by L. 1859, ch. 261 (*3 Banks, 7th ed., 2299*). The provision is as follows:

" If the executor or administrator doubt the justice of any claim so presented, he may enter into an agreement in writing, with the claimant, to refer the matter in controversy to three disinterested persons or to a disinterested person, to be approved by the Surrogate, and, upon filing such agreement and approval of the Surrogate in the office of the clerk of the Supreme Court, in the county in which the parties or either of them reside, a rule shall be entered by such clerk, either in vacation or term, referring the matter in controversy to the person or persons so selected."  .

It will be observed that, by the terms of this section, the Surrogate is neither directed nor empowered to make an order of reference upon the consent of the disputants.

He is simply authorized to approve their agreement or to withhold his approval, and, if he pursues the former course, upon the filing of the papers in the county clerk's office, a rule directing a reference is entered as of course, in the Supreme Court.

The statute does not expressly give to the Surrogate any authority to select the referee, and its use of the phrase "to be approved," instead of "to be appointed," or some similar expression, seems to establish its purpose that the selection of the referee should be made by the parties to the controversy, and should constitute a part of their agreement.

In Gorham v. Ripley (*16 How. Pr., 314*), a creditor, whose demand against a decedent's estate had been rejected by an executor, offered to submit it to referees "to be approved by the Surrogate," employing, in such offer, the very words of the statute.

The executors, instead of acceding to this proposal, offered to refer the matter to three particular persons, whom they themselves named, such persons to be approved by the Surrogate. Neither party accepted the proffer of the other, and, in a subsequent action wherein the claimant was successful, it was held that the executors had "refused to refer," and so had become liable for costs. The court says: "The language of this provision is not very explicit, but I think it was intended that the parties should mutually agree in writing to refer the claim, and in case they should fail to select referees for themselves that the selection should be made by the Surrogate. It cannot be that it is a sufficient compliance with the statute for the executors to offer to refer the claim to three referees named by themselves. When this proposition was re-

jected, and it was proposed that the parties should appear before the Surrogate, for the purpose of having referees selected, it was the duty of the defendants to accept the offer. Their omission to do so has rendered them liable for costs."

The precise matter decided in the case just cited is, of course, not at issue here. I have nothing to do with the question, as to what action or non-action of an executor constitutes a refusal to refer a claim, so as to charge him with the costs of a subsequent suit against him by the claimant. But I am entirely clear that, unless the parties have agreed upon some person or persons to act as referee, at the time when application is made to the Surrogate for his approval, or unless, not having agreed, they consent to accept such person or persons as the Surrogate may select, he has no authority to make the selection.

In the present case, the parties neither agreed to abide by the nomination of the Surrogate, nor united in presenting to him any name or names for his approval. I hold, therefore, that the order here complained of was improvidently entered. This is apparent also from another consideration. The statute, before amendment, made provision for three referees in every case. As it now reads, the "agreement," between the claimant and the representative of the estate, may provide for referring the matter in dispute to *three* disinterested persons *or* to one disinterested person.

It can scarcely be insisted, even if the papers claimed in the present case to constitute an agreement were conceded to be such, that, upon their presentation, the Surrogate was empowered to decide whether one person or

three persons should be chosen to pass upon the disputed claim.

Order vacated.    No costs.